UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSICA ANN TIJERINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-0340 (UNA) |
| ) | |
| ) | |
| STATE OF IDAHO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

The Court construes plaintiff's "Emergency Petition for Relief, Replevin, RICO Violations, and Immediate Injunctive Order, Order of Protection" (ECF No. 1) as a civil complaint.

The Court holds a *pro se* complaint to a "less stringent standard[]" than is applied to a pleading drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff alleges she entered into a contract with the State of Idaho on or about August 5, 2023, and that "the contract is void due to fraudulent actions by the Defendant." *See* Compl. at 2. Beyond this allegation, the complaint rambles incoherently. Plaintiff alleges violations of criminal statutes and constitutional rights, *see id*. at 2-4, declares the existence of an Ecclesiastical Irrevocable Foreign Trust Agreement and Ecclesiastical Irrevocable Foreign Trust Adhesion Agreement," *see id*., Ex. A, and presents UCC-1 Financing Statements, *see id*., Ex. B. As drafted, the complaint falls short of Rule 8's minimal pleading standard, given its failure to state a plausible claim showing plaintiff is entitled to relief.

The Court will grant plaintiff's application to proceed *in forma pauperis* (ECF No. 2), dismiss the complaint without prejudice, and deny plaintiff's motions for injunctive relief (ECF No. 3) and for leave to file documents electronically (ECF No. 6) as moot. A separate order accompanies this Memorandum Opinion.

DATE: February 18, 2025                    /s/
                                           RUDOLPH CONTRERAS
                                           United States District Judge